IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**LARRY WAYNE MCKENZIE, #K4202**                   **PLAINTIFF**

**VERSUS**                 **CIVIL ACTION NO. 4:07-cv-113-DPJ-JCS**

**STATE OF MISSISSIPPI, LAUDERDALE COUNTY,
LAUDERDALE COUNTY SHERIFF'S DEPARTMENT,
SHERIFF BILLIE SOLLIE, E.J. "BILBO" MITCHELL
AND JOHN DOES 1-10**                   **DEFENDANTS**

MEMORANDUM OPINION AND ORDER

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Larry Wayne McKenzie, an inmate currently confined in the Stone County Regional Correctional Facility, Wiggins, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983. The named Defendants are the State of Mississippi, Lauderdale County, Lauderdale County Sheriff's Department, Sheriff Billie Sollie, E.J. "Bilbo" Mitchell, and John Does 1-10.

Plaintiff has asserted claims for false imprisonment, negligence, loss of consortium, emotional distress, and deliberate indifference. Plaintiff maintains that he is being falsely imprisoned because he was arrested in Lauderdale County, but he did not commit any offense in Lauderdale County.[1] Plaintiff alleges negligence on the part of the Lauderdale County Sheriff's Department and the State of Mississippi for failing in their duties to establish and prove that he actually committed an offense in Lauderdale County. Plaintiff insists that Defendants have demonstrated deliberate indifference to his plight because they have refused

---

[1] According to Mississippi Department of Corrections' online records, Plaintiff was convicted of statutory rape by the Circuit Court of Lauderdale County and sentenced to serve fifteen years of imprisonment.

to "correct this injustice." Complaint [1] at 7. Plaintiff further alleges loss of consortium, claiming that as a result of his conviction and sentence, he has suffered a divorce and alienation from his children. Finally, Plaintiff contends he has endured emotional distress because of the total "prison experience." *Id.* As relief, Plaintiff seeks his immediate release, the requirement that the Defendants prove venue and monetary damages.

## Analysis

Title 28 U.S.C. Section 1915(e)(2)[2] "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir. 1994). "A district court may dismiss an *in forma pauperis* proceeding as frivolous under 28 U.S.C. § 1915(d) whenever it appears that the claim's realistic chance of ultimate success is slight or the claim has no arguable basis in law or fact." *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 501 U.S. 1235 (1991); *see also Neitzke*, 490 U.S. at 325; *Parker v. Carpenter*, 978 F.2d 190, 191 n.1 (5th Cir. 1992); *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992); *Henthorn v. Swinson*,

---

[2] Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

    (A) the allegation of poverty is untrue; or
    (B) the action or appeal--
        (i)     is frivolous or malicious;
        (ii)    fails to state a claim on which relief may be granted; or
        (iii)   seeks monetary relief against a defendant who is immune
    from such relief.

955 F.2d 351, 352 (5th Cir.), *cert. denied*, 504 U.S. 988 (1992).  "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, *sua sponte*, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file.  *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).  "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer."  *Id.*  As discussed below, Plaintiff cannot maintain this action pursuant to 42 U.S.C. § 1983 against the named Defendants.

Claims

To the extent Plaintiff is seeking monetary damages, the Court finds that Plaintiff's claims are precluded by the Supreme Court's ruling in *Heck v. Humphrey*.  512 U.S. 477 (1994).  In *Heck*, the Court addressed whether a claim for monetary damages that essentially challenges Plaintiff's conviction or imprisonment is cognizable under 42 U.S.C. § 1983.  The Court held that such a claim is not cognizable under that statute:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily *imply* the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 486-87 (emphasis added) (footnotes omitted); *see also Boyd v. Biggers*, 31 F.3d 279, 284-85 (5th Cir. 1994).

If the Court were to find in Plaintiff's favor and determine that his constitutional rights were violated by Defendants' alleged actions, that decision would necessarily *imply* the invalidity of his current statutory rape conviction and fifteen-year sentence of imprisonment. More specifically, if the Court were to find that Plaintiff has been or is being falsely imprisoned based on the Defendants' negligence and deliberate indifference, thereby resulting in his loss of consortium and emotional distress, that finding would necessarily question the validity of Plaintiff's current conviction and sentence. Thus, Plaintiff's claims for monetary damages are barred by *Heck v. Humphrey*, at this time.

In addition, Plaintiff has failed to demonstrate that his conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 487. Therefore, this cause of action filed pursuant to § 1983 will be dismissed.

To the extent Plaintiff is requesting his release from incarceration, his request is not properly before this Court. A prisoner's claim attacking his current confinement and requesting release from incarceration is properly pursued in a petition for habeas corpus relief, not a § 1983 conditions of confinement case. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (citing *Cook v. Tex. Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994)). Therefore, Plaintiff's request for his release from incarceration is not properly before this Court and will be dismissed.[3]

---

[3] The Court notes that any habeas petition filed by Plaintiff in this Court would be a successive petition pursuant to 28 U.S.C. § 2244 and would require the prior authorization of the

Conclusion

As discussed above, Plaintiff's claims are not cognizable under 42 U.S.C. § 1983 at this time.  Consequently, this case will be dismissed for failure to state a claim upon which relief may be granted, with prejudice, under 28 U.S.C. § 1915 (e)(2)(B)(ii).[4]  To the extent that Plaintiff is seeking habeas relief, his claims are dismissed without prejudice.

Three-strikes provision

Since this case shall be dismissed pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii), it will count as a "strike".[5]  If the Plaintiff receives "three strikes," he will be denied *in forma pauperis* status and will be required to pay the full filing fee to file a civil action or appeal.

A final judgment in accordance with this Memorandum Opinion and Order will be entered.

**SO ORDERED AND ADJUDGED** this the 24th day of March, 2008.

---

United States Court of Appeals for the Fifth Circuit before this Court could consider the petition.  This Court previously denied Plaintiff's habeas corpus challenge to his conviction and sentence by order filed October 15, 2004 in civil action number 4:04-cv-26-TSL-AGN.  The Fifth Circuit denied Plaintiff's request for a certificate of appealability on June 23, 2005 in appeal number 04-60997.

[4] "Plaintiff's claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

[5] Title 28 Section 1915(g) states:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE